UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENDRICK E. DULDULAO,

    Plaintiff,

v.        Case No: 8:14-cv-643-T-36AEP

GCF VENTURES OF CARROLLWOOD,
LLC and REGENCY CENTERS, LP,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon the Plaintiff's Motion for Relief from the Court's Scheduling Order (Doc. 35), filed on July 14, 2014.  In the motion, Plaintiff seeks relief from the Court's Amended ADA Scheduling Order (Doc. 21). Plaintiff states that Defendants oppose the requested relief, but Defendants have not filed a response to the motion.  The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Relief from the Court's Scheduling Order.

    **I.**    **Background**

This is an action for declaratory and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"). In Title III ADA cases, the Court, under Fed. R. Civ. P. 16, issues an ADA Scheduling Order within a few days of the filing of the complaint. The purpose of the ADA Order is to encourage an early resolution of the case, without incurring unnecessary fees and costs.

On March 17, 2014, Plaintiff filed the instant action. Plaintiff filed his First Amended Complaint on March 20, 2014. On March 28, 2014, the Court issued its ADA Scheduling Order (Doc. 8) (the "ADA Order"). The ADA Order, among other things, requires Plaintiff to file answers to Court interrogatories within fifteen days from the date of the ADA Order identifying,

*inter alia,* all claimed ADA violations. Within thirty days following service of process, Defendants are required to allow Plaintiff's counsel and Plaintiff's expert reasonable access to its premises for purposes of inspection. Following the inspection, Plaintiff is directed to serve any expert report it intends to rely upon and Defendants are required to serve a written response to that report, along with any competing expert report that Defendants intend to rely upon. The ADA Order states that, until further order of the Court, all other discovery is stayed, and either party, "for good cause shown," may move to alter the scheduling order.

After the exchange of written reports, the parties are directed to participate in mediation before a mediator of their choice. If settlement is not achieved, the ADA Order requires the parties to promptly notify the Court and the Court will issue a supplemental case management order and set the case for trial. The ADA Order also schedules a status conference about ninety days after the mediation deadline.

Following issuance of the ADA Order in this case, Plaintiff sought, and was granted, leave to file a second amended complaint. *See* Docs. 9 and 10. The Second Amended Complaint (Doc. 11) was filed on April 4, 2014. Plaintiff's first motion for extension of time to respond to the Court's interrogatories was filed on April 9, 2014, and granted on April 11, 2014 – giving Plaintiff until April 30th to respond. *See* Docs. 13 and 16. On April 23, 2014, Plaintiff sought an extension of time to inspect Defendants' premises. *See* Doc. 19. This motion was granted and an Amended ADA Order was entered (Doc. 21).

Thereafter, Plaintiff sought (and was given) additional extensions of time to answer the court's interrogatories and to inspect Defendants' premises. *See* Docs. 23, 25, 30 and 31. On June 26, 2014, Plaintiff filed his "Final Motion" to extend time to inspect Defendants' premises (Doc.

32). Again, this extension was granted, giving Plaintiff until July 14, 2014 to inspect Defendants' premises. *See* Doc. 33.

Rather than conducting the inspection, Plaintiff waited until July 14, 2014 to file the instant motion (Doc. 35) seeking relief from the Amended ADA Order, and, on that same day, filed a fourth (and, apparently, "post-final") motion for an extension of time to inspect Defendants' premises (Doc. 36). Plaintiff's fourth motion for extension of time to inspect Defendant's premises was denied for failure to show good cause. *See* Doc. 37.

**II.   Discussion**

In the instant motion, Plaintiff contends that the ADA Order serves only to favor Defendants' position in the litigation. Plaintiff also argues that the ADA Order violates his constitutional rights. Plaintiff's counsel filed a similar motion in *Myers v. Myers Printing, Inc.,* Case No. 8:12-cv-708-T-30MAP, which was denied by the Honorable James S. Moody, Jr. on May 1, 2012.

As in *Myers,* Plaintiff's counsel's "arguments are without merit and ignore the Court's broad discretion under Rule 16 to issue scheduling orders and manage its cases consistent with the just, speedy, and inexpensive determination of the case." *Myers*, 2012 U.S. Dist. LEXIS 60593, 3 (M.D. Fla. May 1, 2012). As stated by Judge Moody,

> Rule 16 "gives the trial court broad discretion in conducting pre-trial procedures in order to narrow the issues, reduce the field of fact controversy for resolution, and to simplify the mechanics of the offer and receipt of evidence." *Pacific Indem. Co. v. Broward Cnty*, 465 F.2d 99, 103 (5th Cir. 1972). Indeed, "[t]he Trial Court has, and must have, of course, a wide and flexible discretion in the daily guidance of a case through the preparatory stages looking toward the climax of a trial. And its orders whether under [Rule] 16 and local rules for pretrial or under discovery mechanisms such as [Rule] 34, or others, must be obeyed in good faith until set aside." *Mitchell v. Johnson*, 274 F.2d 394, 401 (5th Cir. 1960). The Court's ADA Order, which it issues in all of its Title III ADA cases, serves the

>           purpose of narrowing the issues and encouraging a resolution
>           without undue litigation.

*Id.* at 4.

First, Plaintiff contends that the ADA Order "leaves Plaintiff at a disadvantage because the Court has eliminated Plaintiff's necessary ability to gather appropriate information, through the normal discovery process, regarding the facts of the case before mediation, and to otherwise take necessary discovery to establish the proof and evidence necessary to prepare the matter for trial." Doc. 35 at p. 6-7. This argument is completely without merit, as the Order in fact hastens Plaintiff's access to information by mandating that Defendants allow access to its property early in the litigation. There is nothing in the ADA Order which suggests that Plaintiff's ability to gather appropriate information, through the normal discovery process has been "eliminated." At most, it has simply been delayed, though that is questionable given the fact that the ADA Order was issued well before any Rule 26(f) conference would have been conducted by the parties and thus, well before "the normal discovery process" would have commenced. Furthermore, Plaintiff's numerous motions for extension of time demonstrate that he is in no hurry to conduct even minimal discovery in this action.

Plaintiff's contention that he is entitled to conduct discovery "before mediation" is not only incorrect, but is perplexing given Plaintiff's argument in the next paragraph of the Motion that the Court "could have ordered the parties to attend an early mediation or settlement conference." Doc. 35 at p. 7. Frankly, there is nothing in the ADA Order that prevents the parties from engaging in an earlier mediation or settlement conference, particularly given all of the extensions that have been granted here. This case has been pending since March 17, 2014 and settlement could have been discussed at any time, either informally among the parties or with the help of a mediator. If Plaintiff's counsel believed that early resolution of this matter, prior to *any* discovery being

conducted, was possible, he was free to pursue such resolution. If not, then Plaintiff is not expending unnecessary resources to comply with this Court's Order – such expenses are necessary to the prosecution of this case.

Plaintiff's argument that Rule 26(f) does not permit the Court to waive the case management conference is irrelevant, because the Court did no such thing here. The ADA Order merely stays the Rule 26(f) conference *requirement* which, again, does not prevent the parties from voluntarily engaging in any such conference at any time.

Additionally,

> Plaintiff's argument that Defendants do not have to do anything is [] baffling: the ADA Order directs Defendants to serve Plaintiff with their response, including any expert report, after they receive Plaintiff's interrogatory answers and report (assuming there is an existing report). . . . If Plaintiff does not have one at that time, the ADA Order does not require that one be obtained. Similarly, Defendant is directed to respond with any expert report it intends to rely upon. Again, this is assuming that Plaintiff serves Defendant with an existing report.

*Myers*, 2012 U.S. Dist. LEXIS 60593 at 5.

Plaintiff relies on *Identiseal Corp. of Wisconsin v. Positive Identification Systems, Inc.,* 560 F.2d 298 (7th Cir. 1977) to argue that the Court "lacks the authority to compel involuntary discovery." Doc. 35 at p. 8. In *Identiseal,* the Seventh Circuit held that the district court lacked authority to order dismissal for lack of prosecution unless the plaintiff's counsel served discovery requests on the defendant and took depositions. Here, the Court is not ordering Plaintiff to *conduct* discovery. Instead, the Court has ordered each party to provide information to the other – similar to the exchange of information required by Rule 26(a) which, in fact, allows for court ordered modification of the initial disclosure requirements.

Plaintiff also argues that the ADA Order limits his due process rights by requiring him to provide an expert report early in the case. Again, Plaintiff's counsel misreads the ADA Order.

5

There is no *requirement* that Plaintiff obtain an expert at this early stage, and no prohibition on Plaintiff obtaining one or more experts after the expiration of the ADA Order, during the course of "normal discovery."

As noted by Judge Moody in the *Myers* case, the only information that Plaintiff is *required* to provide is in response to the Court's interrogatories which merely require Plaintiff "to answer questions that he would have to know in order to file his complaint in good faith, such as: the date and time that he visited the facility and the architectural barriers he personally observed or experienced." 2012 U.S. Dist. LEXIS 60593 at 4-5. Thus, pursuant to Fed. R. Civ. P. 12, Plaintiff's counsel should have gathered this information prior to filing this action.

Plaintiff's claims of procedural due process violations are entirely frivolous. As Plaintiff notes, procedural due process requires only "notice and an opportunity to be heard", which Plaintiff has clearly received given the filing of the instant motion and issuance of this ruling. Plaintiff's argument the he is being denied access to the courts is likewise meritless. Plaintiff has clearly been given access to the courts, and nothing is preventing him from continuing to prosecute his claims all the way to trial.

"In sum, the ADA Order encourages an early and efficient resolution of a plaintiff's claim under Title III of the ADA. And Rule 16 provides the Court with broad discretion to manage its cases and achieve a just and timely resolution." 2012 U.S. Dist. LEXIS 60593 at 7. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Relief from the Court's Scheduling Order (Doc. 35) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on August 4, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any